UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE N. NASKARIS, PhD,

Plaintiff,

-against-

ROBERT W. SEIDEN, ESQ.,

Defendant.

ORDER OF DISMISSAL

26 Civ. 5157 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated July 17, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the action for lack of subject matter jurisdiction with 30 days' leave to replead.

## I. BACKGROUND

The following allegations are drawn from the complaint. Plaintiff George N. Naskaris, Ph.D., is President and sole owner of Greystone Ventures Group, Inc. ("Greystone"). He alleges that he "resides in Europe" and indicates that he is in Warsaw, Poland, but he uses the mailing address of Greystone in New York. (Compl., ECF No. 1, ¶ 21; ECF No. 4.) Plaintiff brings this action against Robert W. Seiden, Esq., founder and managing partner of Seiden Law LLP in New York City. (*Id.* ¶ 22.)

Plaintiff alleges that, from July 2019 to December 2024, he consulted on potential claims under the Foreign Corrupt Practices Act ("FCPA"), at Defendant Seiden's request, in connection with information provided by Seiden's client, Nobu Su. (Id. ¶¶ 4–11.) On May 25, 2024, non-parties Su and Greystone executed an engagement agreement, with Su using the address of Seiden's law firm. (*Id.* ¶ 39.) The agreement, which Plaintiff attaches to the complaint, appears

to provide for a $10,000 payment within three days, another $10,000 at 90 days, payment of all approved business-class travel and four-star hotels, a success fee of 15% of the first $100 million recovery and 10% of amounts above that.[1] (*Id.*, Ex. 2 at 2.)

Plaintiff reviewed additional evidence in meetings with Su in Geneva on August 2–3, 2024, and in Zurich on September 3-4, 2024, and he eventually concluded that an FCPA claim likely could be made out. (*Id.* ¶¶ 40–42.) These relationships subsequently deteriorated. (*Id.* ¶¶ 48–68.) On April 23, 2026, Plaintiff sent Seiden a demand for payment by May 23, 2026, but he received no response. (*Id.* ¶ 69.)

Plaintiff brings claims against Defendant Seiden for tortious interference with the Su–Greystone contract, breach of the implied covenant of good faith and fair dealing, "opportunity cost," unjust enrichment, and for alleged misrepresentation exposing Plaintiff to a risk of physical violence. Plaintiff seeks damages of "millions of dollars." (*Id.* ¶ 79.)

## II. STANDARD OF REVIEW

The Court must dismiss a complaint brought IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to

[1] The agreement appears to include a provision allowing assignment of the contract, but Plaintiff has not alleged that it was assigned to him.

raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## III. DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### A. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire*

*Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, without alleging any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not invoke the Court's federal question jurisdiction and the claims for tort and breach of contract arise under state law. The allegations of the complaint thus do not show that the Court has federal question jurisdiction over this matter.

**B. Diversity Jurisdiction**

Plaintiff asserts that the Court has diversity jurisdiction over this matter. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). "'United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so '§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'" *Simonetti v. Simonetti*, No. 25-117, 2026 WL 456992, at *2 (2d Cir. Feb. 18, 2026) (quoting *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotation marks omitted)); *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 217 (E.D.N.Y. 2011) ("[W]here a United States citizen is domiciled abroad at the time an action is commenced, § 1332(a) does not provide the Court with jurisdiction over the suit.").

In addition to diversity of citizenship, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount.

*See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 220 (2d Cir. 2006).

Here, Plaintiff alleges that the "Court has diversity jurisdiction pursuant to the terms of the Contract as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000." (Compl. ¶ 18.) The contract between nonparties Su and Greystone includes a choice of law provision for New York law and forum selection clause for state or federal court in the City of New York.[2] Although Plaintiff asserts that the Court has jurisdiction "pursuant to the terms of the contract," it is beyond dispute that "consent of a party is . . . wholly insufficient to create subject-matter jurisdiction" in federal court. *Goldman, Sachs & Co. v. Golden Empire Schs. Fin. Auth.*, 764 F.3d 210, 215 n.2 (2d Cir. 2014). Instead, "there must be an independent basis for federal jurisdiction." *Id.*

"The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). Plaintiff alleges that he "resides in Europe," in Warsaw, Poland, (Compl. ¶ 9), although he uses the mailing address for Greystone in New York for this action. If, as it appears, Plaintiff is a United States citizen domiciled abroad, the Court lacks diversity jurisdiction of this matter. *See Herrick Co*, 251 F.3d at 322. Plaintiff does not include any allegations about Defendant Seiden's citizenship for purposes of diversity jurisdiction, such as where Seiden is domiciled, and whether Seiden is an alien or United States citizen.

---

[2] The agreement between nonparties Su and Greystone provides, "No CLAIM may be commenced, prosecuted or continued in any court other than the courts of the State of New York located in the City and County of New York or in the U.S. District Court for the Southern District of New York, which courts shall have exclusive jurisdiction over the adjudication of such matters, and the PARTIES consent to the jurisdiction of such courts and personal service with respect thereto." (Compl., Ex. 2 at 3.)

Plaintiff has also failed to allege any facts showing that he is entitled to more than $75,000. The contract Plaintiff attached to his complaint appears to provide for only $20,000 in consulting fees. (Compl., Ex. 2 at 2.) The "Success Fee" mentioned in the contract is entirely contingent on Su recovering a future money judgment. Plaintiff does not specify whether Su ever secured a money judgment, the amount of that judgment, or the amount of money that judgment entitles him to under the contract's terms.

In short, because Plaintiff fails to satisfy his burden of showing that the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, the Court lacks diversity jurisdiction over this matter, and the complaint must be dismissed for lack of subject matter jurisdiction.

## IV. LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987) (a plaintiff should be permitted to amend "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship").

Because Plaintiff may be able to allege additional facts establishing subject matter jurisdiction, the Court grants Plaintiff thirty (30) days' leave to amend his complaint to replead facts showing that the Court has subject matter jurisdiction of this action.

## V. CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: August 5, 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge