UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE N. NASKARIS,

Plaintiff,

-against-

ROBERT W. SEIDEN,

Defendant.

26-CV-5157 (GBD)

ORDER

GEORGE B. DANIELS, United States District Judge:

By order dated August 5, 2026, the Court dismissed this action for lack of subject matter jurisdiction, with 30 days' leave to replead. (Order of Dismissal, ECF No. 9.) Plaintiff had alleged that he was a United States citizen domiciled abroad at the time of filing the complaint, and thus he did not satisfy his burden of showing that the Court had diversity jurisdiction over this matter. (*Id.* at 4 (citing *Simonetti v. Simonetti*, No. 25-117, 2026 WL 456992, at *2 (2d Cir. Feb. 18, 2026) (summary order) ("'United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state,' so '§ 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties.'")).)

On August 27, 2026, Plaintiff filed an application styled as a "motion [to] withdraw complaint without prejudice," in which he states that he cannot meet the 30-day deadline for filing an amended complaint and wishes to withdraw this action without prejudice to refiling. (ECF 10.)

The Federal Rules of Civil Procedure allow a plaintiff voluntarily to dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties

who have appeared. Fed. R. Civ. P. 41(a)(1)(A).[1] Defendant has not been served or appeared, and Plaintiff therefore does not require the Court's permission to dismiss this action.

Although Plaintiff moves to withdraw the complaint, he also states that he needs additional time to file an amended complaint clarifying his allegations of subject matter jurisdiction in federal court.[2] The Court therefore extends the time for Plaintiff to file an amended complaint, if he wishes to do so, for 30 days from the date of this order. Alternatively, if Plaintiff wishes to dismiss this action immediately, he may file a notice of dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and does not require a court order. If Plaintiff takes no further action within 30 days, the Court will direct the Clerk of Court to dismiss this action without prejudice and terminate this action.

## CONCLUSION

The Court extends the time for Plaintiff to file an amended complaint, if he wishes to do so, for 30 days from the date of this order.

If Plaintiff wishes to dismiss this action immediately, he may file a notice of dismissal, Fed. R. Civ. P. 41(a)(1)(A)(i), and does not require a court order. If Plaintiff takes no further action within 30 days, the Court will direct the Clerk of Court to dismiss this action without prejudice and terminate this action.

---

[1] A voluntary dismissal under Rule 41(a) is generally without prejudice. "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

[2] The Court notes that, unlike the limited subject matter jurisdiction of the federal courts, state courts have general jurisdiction.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 5, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge